UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Stifel, Nicolaus & Company, Inc.,

Plaintiff,

v.

MEMORANDUM OPINION AND ORDER
Civil File No. 01-11 (MJD/RLE)

Stockwalk Group, Inc., f/k/a Stockwalk.com Group, Inc., John G. Kinnard & Co., Inc., and R.J. Steichen & Co., Inc., n/k/a Miller Johnson Steichen Kinnard, Inc.,

Defendants.

---

Richard J. Wegener, Michael E. Keyes, Kari L. Wraspir, Oppenheimer Wolff & Donnelly, L.L.P., Jeffrey J. Kalinowski, Richard H. Kuhlman, Eric D. Martin, Blackwell Sanders Peper Martin L.L.P., on behalf of Plaintiff.

Joseph W. Anthony, Steven M. Phillips, Karlyn Vegoe Boraas, Anthony Ostlund & Baer, P.A., on behalf of Defendants.

---

This matter is before the Court on Plaintiff's motion for a preliminary injunction and Defendants' motion to dismiss and/or to compel arbitration.

Background

Plaintiff Stifel, Nicolaus & Co. ("Stifel") is a broker-dealer of securities, and a member of the National Association of Securities Dealers, Inc. ("NASD"), a securities self-regulatory organization. In January 2000, Stifel began discussing the possibility of



FILED AUG 29 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD AUG 29 2001
DEPUTY CLERK

merging with John G. Kinnard & Co. ("Kinnard"), another broker-dealer of securities and a fellow member of the NASD. During these discussions, Stifel and Kinnard entered into two Confidentiality Agreements, pursuant to which Kinnard provided Stifel with proprietary and confidential information regarding Kinnard's operations. The Confidentiality Agreements limited Stifel's ability to use the information, and limited Stifel's ability to recruit or solicit Kinnard employees for a period of one year. The Agreement did permit Stifel to hire any Kinnard employee who "responds to a general media advertisement or non-directed search inquiry, or who makes an unsolicited contact for employment."

The Confidentiality Agreements also included the following provision:

> You also hereby and irrevocably and unconditionally consent to submit to the exclusive jurisdiction of the courts of the State of Minnesota and of the United States of America located in the state of Minnesota for any actions, suits or proceedings arising out of or relating to this agreement and the transactions contemplated hereby (and you agree not to commence any action, suit or proceeding relating thereto except in such courts).

The discussions ended without a merger between Stifel and Kinnard.

In September 2000, Stockwalk.com Group, Inc. ("Stockwalk") acquired Kinnard Investments, Inc., Kinnard's parent company, in a merger transaction. Stockwalk also acquired broker-dealer R.J. Steichen & Co., Inc. ("Steichen"), a Minneapolis-based company and member of the NASD. The resulting corporate entity is now Miller

Johnson Steichen Kinnard, Inc. ("MJSK").[1]

Following the termination of merger discussions between Stifel and Kinnard, between August and December 2000, Stifel hired five Kinnard brokers, all of whom, according to Stifel, initiated contact with Stifel. Stifel also hired six Steichen brokers during that same time period. In November 2000, Defendants Stockwalk, Kinnard and Steichen brought an NASD arbitration claim against Stifel, seeking compensation and permanent injunctive relief for damages inflicted by Stifel's alleged improper hiring practices and breach of the Confidentiality Agreements between Stifel and Kinnard. Defendants claim they were obligated to use the NASD forum to resolve the dispute, pursuant to NASD by-laws which require that disputes between NASD member firms be resolved in arbitration.

Stifel did not answer the NASD arbitration claim. Instead it filed a complaint in this Court, alleging that the Confidentiality Agreement's jurisdictional provision requires that the dispute between Kinnard and Stifel be litigated in this Court. Stifel seeks a preliminary injunction to enjoin the Defendants from arbitrating the specific issues that are subject to the Confidentiality Agreements.

Defendants move to dismiss this case on the basis that the Court lacks subject matter jurisdiction because the claim is arbitrable, and the jurisdictional provisions in the Confidentiality Agreements are unenforceable. Alternatively, if the Court upholds the validity of the jurisdictional clause, Defendants move for an order limiting the clause to

---

[1] MJSK now employs approximately 400 brokers, including 200 from Steichen and 66 from Kinnard.

one of six claims asserted in the Defendants' Second Amended Statement of Claims submitted to the NASD arbitration, and ordering Stifel to proceed with the arbitration on the remaining five claims.

Standard

Defendants move to dismiss Stifel's Complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12 (b)(1). See, Adams v. Burlington Northern Railroad, 838 F. Supp. 1461, 1464 (D. Kan. 1993). In the alternative, Defendants ask the Court to compel arbitration of the claims between Stifel and Defendants pursuant to the Federal Arbitration Act ("FAA") and the Minnesota Uniform Arbitration Act ("MUAA").

Analysis

The NASD is a federal self-regulatory organization, established pursuant to the 1938 Maloney Act amendments to the Securities and Exchange Act of 1934. 15 U.S.C. §78o-3. The NASD has congressionally delegated self-regulatory authority over its members to secure compliance with federal securities laws and its own regulations. The NASD has established an arbitration forum, and adopted its own Code of Arbitration Procedure, which is subject to the approval of the S.E.C. 15 U.S.C. §78(s)(b)(1) and 17 C.F.R. 240.19b-4. The NASD by-laws state that all claims asserted by a member against another member "arising in connection with the business of such member(s) or in connection with the activities of such associated person(s) or arising out of the employment or termination of employment of such associated person(s) with such member shall be arbitrated under this Code, at the instance of : (1) a member against another member". NASD Code Rule 10201.

As members of the NASD, the parties are each bound to adhere to the NASD's rules and regulations. Kidder, Peabody & Co., Inc. v. Zinsmeyer Trusts Partnership, 41 F.3d 861, 863 (2nd Cir. 1994);J.E. Liss & Company v. Levin, 201 F.3d 848 (7th Cir. 2000). Defendants assert that because the NASD's rules concerning arbitration are mandatory, a contractual waiver of arbitration has no effect.

Stifel strenuously argues that arbitration agreements are contractual in nature, and as such, they can be waived. Stifel cites the Court to a number of cases in support of this proposition. These cases, however, are distinguishable from the case at hand for they do not address whether a member of a self-regulatory organization may contractually waive mandatory arbitration.

For example, Stifel contends that the Eighth Circuit has recognized the ability of parties to vest courts with jurisdiction, even when the underlying dispute is arbitrable. See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Hovey, 726 F.2d 1286 (8th Cir. 1984); Burlington Northern Railroad Co. v. Soo Line Railroad Co., 162 B.R. 207 (D.Minn. 1993)(issuing an injunction despite arbitrability of issue, given parties' contract). In Hovey, a brokerage firm sued its former employees seeking to enjoin their use of firm records and solicitation of the firm's clients. The employees sought to compel arbitration on the basis of the arbitration provision in the rules of the New York Stock Exchange. The Hovey court ruled that the district court erred in granting an injunction because the issue was arbitrable. The brokerage firm had argued that an injunction could nonetheless remain in place, to preserve the status quo. The Eighth Circuit declined to pass on this issue, because "[t]he parties have not alleged that the contract provides for or

contemplates injunctive relief along the lines granted." Id. at 1291. Clearly, the portion of the opinion to which Stifel relies, the quoted portion above, is dicta. More importantly, however, at issue in Hovey is not whether the parties could waive mandatory arbitration. The issue was whether a court could issue an injunction to preserve the status quo while the underlying dispute was arbitrated. In this case, however, Stifel is seeking to enjoin arbitration of certain claims.

Stifel also argues that Creative Securities Corp. v. Bear Stearns & Co., 671 F.Supp. 961 (S.D.N.Y. 1987) and Luckie v. Smith Barney, Harris Upham & Co., 999 F.2d 509 (11th Cir. 1993) supports its position that members to the NASD may contract around the NASD's rules. Stifel's reliance on these cases is also misplaced. Neither case addresses the specific issue of whether NASD's members may contractually waive mandatory arbitration. For example, Luckie and the cases cited therein, discuss a parties' ability to enter into more specific agreements regarding arbitration, such as specifying the forum for arbitration, but there is no discussion as to a member's ability to completely waive the mandatory arbitration rules.

Although there is no case specifically on point, there is some authority supporting the Defendants' position with regard to mandatory arbitration. For example, in Thomas James Assoc., Inc. v. Jameson, 102 F.3d 60, 66 (2nd Cir. 1996), the court held that an arbitration waiver provision in a broker's employment contract is void as against public policy. Id. (citing 52 Fed.Reg. 9232 (1987)(NASD policy statement that member may not require associated person to waive arbitration.) See also, NASD Conduct Rule 3110(f)(4)(non-waiver of industry arbitration policy with respect to customer

agreements). Also, in J.E. Liss & Company v. Levin, supra, the court addressed the issue of whether members of the NASD could waive a rule concerning a limitations period in its arbitration rules. In finding that members could not so waive, the court stated "[b]y joining the association a brokerage firm agrees to abide by its rules, and the rules of this association forbid members to opt out of the provisions governing arbitration." Id. (citing to NASD Code Rule 10301(a) which provides that disputes between a customer and a member *shall* be arbitrated under the Code).

The applicable NASD Code Rule provides that disputes between members *shall* be arbitrated. Accordingly, based on the reasoning set forth in Jameson and Levin, the Court finds that the provisions in the Confidentiality Agreements requiring that disputes arising thereunder shall be submitted to the courts is void as against public policy favoring arbitration and as against the NASD's stated policy as set forth in the NASD rules mandating that certain issues be submitted to arbitration. Because the claims asserted are subject to arbitration, dismissal of Stifel's Complaint is proper pursuant to Fed.R.Civ.P. 12(b)(1).

IT IS HEREBY ORDERED that:

1. Plaintiff Motion for a Preliminary Injunction is DENIED.
2. Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction is GRANTED. The Complaint is DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Date: August 29, 2001

Michael J. Davis
United States District Court